UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10807-RGS

EVERGREEN PARTNERING GROUP, INC.
AND MICHAEL FORREST,

v.

PACTIV CORP.; GENPACK, LLC;
SOLO CUP CO.; DOLCO PACKAGING,
a TEKNI-PLEX COMPANY; DART CONTAINER,
CORP.; AMERICAN CHEMISTRY
COUNCIL, INC.; and POLYSTRENE
FOODSERVICE PACKAGING GROUP

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

December 1, 2011

STEARNS, D.J.

Plaintiff Evergreen Partnering Group (Evergreen) is engaged in the business of "closed-loop recycling" of polystyrene resin. In 2002, Evergreen "developed an innovative, cost-effective closed-loop recycling process to combat the ever-growing costs to schools and the environment caused by non recyclable foodservice product waste." First Am. Compl. ¶ 16. Evergreen "collects used foam trays from large school systems and processes them into FDA-approved, food-grade, post-consumer polystyrene resin (PC-PSR) that is then used to manufacture recycled products for use again in the school systems. [Evergreen] offered a sustainable solution to the problem

of recycling used foodservice foam products." *Id*. ¶ 17.

On May 9, 2011, Evergreen, together with its president and founder, Michael Forrest, brought this lawsuit claiming that defendants Pactiv Corporation, Genpak, LLC, Dolco Packaging, Dart Container Corporation, Solo Cup Company, and American Chemistry Council (ACC) "acted to block [Evergreen] from markets by communicating that [closed loop] recycling was not economically feasible, by offering unlawful, unfair, and deceptive targeted rebates that were intended to and did artificially insure that [its] closed-loop recycled products became economically unfeasible to the parties who had expressed an interest in closed loop recycled products." *Id*. ¶ 18. The Complaint alleges statutory claims against the defendants under the Sherman Act (15 U.S.C. §§ 1-2), the Lanham Act (15 U.S.C. § 1125(a)), and Mass. Gen. Laws ch. 93A, as well as common-law claims alleging trade libel, and tortious interference with prospective economic advantage and contractual relations.[1]

---

[1] Plaintiffs contend that defendant "Pactiv controls over 70% of the market share for large school systems and food management companies," that "Genpak controls over 70% of the market share for small to medium school tray business," that "Dolco controls over 70% of the market share for egg foam cartons," that "Dart controls over 70% of the market share for injected foam hot and cold cups," that "Solo controls over 70% of the market share for thermoformed foam cups," and that together "[d]efendants control an estimated 90% of the market share of EPS foam disposable foodservice packaging and tableware." *Id*. ¶¶ 6-11.

2

Evergreen and Forrest initially filed their Complaint without legal representation. Prior to any defendant responding to the Complaint, attorneys from the firm of Shapiro, Haber & Urmy entered appearances on behalf of both plaintiffs. On June 22, 2011, Shapiro, Haber & Urmy moved to withdraw as counsel. The court granted the firm's motion, cautioning plaintiffs that "Evergreen Partnering Group, Inc., as a corporation, may not represent itself and has 30 days (on or before July 25, 2011) to retain an attorney." June 24, 2011 Order.

On July 20, 2011, Attorney Robert Bonsignore entered an appearance as successor counsel for both plaintiffs. Bonsignore filed a First Amended Complaint on August 19, 2011, alleging four causes of action – statutory violations of the Lanham Act (Count I) and Mass. Gen. Laws ch. 93A (Count II), and common-law claims of tortious interference with prospective economic advantage (Count III) and interference with contractual relations (Count IV). On October 6, 2011, prior to an extended deadline for defendants to respond to the First Amended Complaint, Attorney Bonsignore filed a motion to withdraw as plaintiffs' counsel. In granting the motion, the court reminded Evergreen that "corporations must appear and be represented in court, if at all, by attorneys" and gave Evergreen thirty days to retain counsel (by November 7, 2011). October 7, 2011 Order. Also, the court directed defendants to respond to the First Amended Complaint by November 14, 2011.

By way of letter dated November 3, 2011, Forrest asked the court to permit him to file a Second Amended Complaint. On November 14, 2011, defendants filed a Joint Motion to Dismiss Plaintiffs' First Amended Complaint. On November 23, 2011, defendants filed a joint opposition to Forrest's filing of a Second Amended Complaint. Forrest filed a response to the Opposition on December 1, 2011.

To date, Evergreen has not retained counsel. Forrest's proposed Second Amended Complaint removes Evergreen from the caption of the case, repeats the same four claims set out in the First Amended Complaint, seeks to reassert the claims for violation of the Sherman Act and trade libel that were presented in the original Complaint, and attempts to add a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. Forrest continues to allege that he is the "President and Owner of Evergreen", and bases his federal and state claims on defendants' attempts "to disrupt the success of Evergreen's business venture." Proposed Second Am. Compl. ¶ 58. Forrest iterates that defendants were "actively opposed to the Evergreen closed-loop recycling program"; that defendants "refused to use Evergreen's PC-PSR to manufacture food trays"; and that defendants' tortious conduct "harmed his company's ability to rely on its [Sodexo, Compass and Sysco] agreements." *Id*. ¶¶ 59-60, ¶ 72. The factual allegations in the proposed Second Amended Complaint and all of Forrest's previous filings with this court show that it

4

was Evergreen, not Forrest, that was engaged in closed loop recycling, that is, the so-called EPG-Model. Forrest, as an employee and owner of Evergreen, does not have standing to assert antitrust claims on behalf of Evergreen. *See Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992) (RICO standing analysis is identical to that under the Sherman Act – only the company may bring suit for its direct losses; shareholders lack standing to bring suit based on their indirect losses.)*; Pagan v. Calderon,* 448 F.3d 16, 20-21 (1st Cir. 2006) (holding that shareholders lack standing to sue in their personal capacities unless the "alleged misconduct causes harm to them separate and distinct from the injury inflicted upon the . . . corporation"); *Bolivar v. Pocklington*, 975 F.2d 28, 32 (1st Cir. 1992) (affirming dismissal for lack of standing of, inter alia, tortious interference claims brought by the president and sole shareholder of a corporation because causes of action "belonged" to corporation); *Camel Hair and Cashmere Inst. of Am., Inc. v. Assoc. Dry Goods Corp.*, 799 F.2d 6, 11-12 (1st Cir. 1986) ("[T]he dispositive question in determining whether a plaintiff is a proper person to bring a claim under the Lanham Act is whether the plaintiff has a reasonable interest in being protected against false advertising."). *See also In re Dein Host, Inc.*, 835 F.2d 402, 406 (1st Cir. 1987) (action must be brought in the name of the corporation, "even though the injury to the corporation may incidentally result in the depreciation or destruction of the value of the stock").

"Even a sole shareholder acquires no personal cause of action because of an injury – real or threatened – to the corporation." *In re Dein Host, Inc.*, 835 F.2d at 406. The rule under Massachusetts state law is no different. *See Donahue v. Rodd Electrotype Co. of New England*, Inc., 367 Mass 578, 589 n.14 (1975) (an individual shareholder does not have standing to bring suit in an individual capacity alleging a wrong to the corporation); *Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C.*, 405 Mass. 506, 514 (1989) (co-owner of a closely held corporation "lacked standing to maintain a c. 93A action to recover for losses that the judge found were sustained by [the corporation], and the plaintiff proved no other personal losses.").

ORDER

Because Evergreen is no longer represented by counsel and cannot proceed *pro se* and Forrest lacks standing to assert claims for damages allegedly suffered by Evergreen, the defendants' motion to dismiss the First Amended Complaint is <u>ALLOWED</u>. Because Forrest lacks standing to prosecute Evergreen's case for his personal benefit, the request to file a Second Amended Complaint in his personal capacity must also be <u>DENIED</u>. The Clerk will enter an Order of Dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE